# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

PHILLIP DOUGLAS JACOBS,

        Petitioner,      :      Case No. 2:24-cv-3983

  - vs -                       District Judge Edmund A. Sargus, Jr.
                                   Magistrate Judge Michael R. Merz

OHIO ADULT PAROLE AUTHORITY,
 ET AL.,

                                   :

        Respondents.

## TRANSFER ORDER

        Petitioner Phillip Douglas Jacobs filed this habeas corpus case *pro se* under 28 U.S.C. § 2254 (Petition, ECF No. 1). The case was randomly assigned to District Judge Sargus under the Court's assignment system and referred to the undersigned under Amended General Order 22-05.

        Upon preliminary review of the Petition under Rule 4 of the Rules Governing § 2254 Cases, the undersigned finds the Petition is second or successive within the meaning of 28 U.S.C. § 2244(b) for the reasons given, inter alia, by The Honorable Sharon L. Ovington in her February 9, 2011, Report and Recommendation in *Jacobs v. Warden,* Case No. 3:11-cv-00029 (ECF No. 2 in that case).

        Judge Ovington recommended dismissal of that prior case rather than transfer to the Sixth Circuit under § 2244(b) "because on at least two prior occasions, the Court of Appeals has denied Jacobs' motions for an order authorizing the district court to consider Jacobs' second or successive petitions." *Id.* at PageID 92. District Judge Rose adopted Judge Ovington's Report as well as

1

subsequent Reports recommending denial of motions to amend the judgment. Jacobs appealed, filing what he captioned as a petition for writ of mandamus in the Sixth Circuit. That court treated the mandamus petition as a motion for leave to file a second or successive habeas corpus petition and denied it. *Jacobs v. Warden,* Case Nos. 11-3299/3628 (6th Cir. Dec. 15, 2011)(copy at ECF No. 25 in Case No. 3:11-cv-00029, PageID 159, citing *In re Bowling*, 422 F.3d 434, 440 (6th Cir. 2005)).

The undersigned, however, understands that once a District Court has decided that a habeas petition is second or successive, it does not have jurisdiction to consider the case further, but must transfer it to the circuit court. *Moreland v. Robinson,* 813 F.3d 315, 322-23 (6th Cir. 2016), citing *Burton v. Stewart*, 549 U.S. 147 (2007). Furthermore, the fact that a petitioner has been previously denied permission to proceed on a second or successive petition does not preclude him from presenting new grounds for proceeding in a particular instance. Jacobs himself has previously been granted permission to proceed in a second or successive case having been turned down on prior occasions.

Accordingly, the Clerk is ORDERED to transfer this case to the United States Court of Appeals for the Sixth Circuit for its determination of whether or Jacobs may proceed.

September 27, 2024.

s/ Michael R. Merz  
United States Magistrate Judge
